IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KURT W. SCHULTZ                                                                         PLAINTIFF

v.                                          CIVIL NO. 22-cv-3074

KILOLO KIJAKAZI, Acting Commissioner                                    DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Kurt W. Schultz, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on November 13, 2018. (Tr. 12). In his application, Plaintiff alleged disability beginning on September 28, 2018, due to loose joints, fibromyalgia, and problems with carpal tunnel in both arms. (Tr. 12, 253). An administrative hearing was held via telephone on February 1, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33–77). A vocational expert ("VE") also testified. *Id*.

On December 27, 2021, the ALJ issued an unfavorable decision. (Tr. 9–24).  The ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia, generalized osteoarthritis, degenerative changes of the lumbar spine, polyneuropathy, cervicalgia, chronic pain syndrome, restless leg syndrome, male hypogonadism, and vitamin B12 deficiency. (Tr. 14–16).

1

The ALJ found that Plaintiff's medically determinable impairments of major depressive disorder and adjustment disorder with depressed mood were nonsevere impairments. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except he can occasionally climb ramps and stairs; he can never climb ladders, ropes, and scaffolds; he can occasionally balance and stoop; and he can never kneel, crouch, or crawl.

(Tr. 16–23).

With the help of the VE, the ALJ found Plaintiff would be able to perform his past relevant work as a production clerk/production coordinator. (Tr. 24). The ALJ found Plaintiff was not disabled from September 28, 2018, through December 27, 2021, the date of his decision. (Tr. 24). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 8, 9).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred by failing to include any restriction regarding reaching, handling, and fingering when determining Plaintiff's RFC; 2) whether there was a conflict between the hypotheticals presented to the VE regarding and the ALJ's finding that Plaintiff could perform past relevant work that required constant reaching, handling, and fingering. (ECF No. 8). Defendant argues that the ALJ properly considered Plaintiff's medical history, subjective complaints, response to treatment, reported activities of daily living, and the opinion evidence regarding Plaintiff's impairments and limitations. (ECF No. 9). Defendant argues that Plaintiff failed to point to any evidence that demonstrated the ALJ should have adopted greater limitations, and that the limitations adopted were supported by substantial evidence. Finally, Defendant argues the ALJ did not err in finding Plaintiff could perform his past relevant work, and that there was no conflict with the production clerk job because the RFC the ALJ adopted did not contain any limitations in reaching, handling or fingering.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While Plaintiff did report significant pain and limitations in the use of his hands, the ALJ considered all of the evidence and provided an RFC finding that was based upon substantial evidence. While some evidence would support greater limitations than those found, the ALJ addressed those records and opinions and carefully weighed the evidence. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's

decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 29th day of November 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE